UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEWIS HARVEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:13CV2568 JAR |
| | ) |
| IAN WALLACE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. It appears that petitioner has not exhausted his available state remedies. The Court will, therefore, order petitioner to show cause why the petition should not be summarily dismissed. See 28 U.S.C. § 2254, Rule 4.

In 1979, petitioner was convicted by a jury of first degree murder, and the state court sentenced him to life in prison with the availability of parole. Petitioner was recently denied parole by the Missouri Board of Probation and Parole (the "Board"). Petitioner claims that the Board invoked a 1994 statute when it decided to deny parole, in violation of the Ex Post Facto Clause of the United States Constitution.

Petitioner states in the petition that he did not present this claim to any state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. Wayne v. Missouri Board of Probation and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996).

Because petitioner is pro se, the Court will allow him an opportunity to file an amended petition. Petitioner must file his amended petition no later than thirty (30) days from the date of this Order. The amended petition will completely replace the original petition. So, all of petitioner's claims must be realleged, and petitioner must specifically state whether he exhausted his available state remedies. Petitioner's claim is also subject to the AEDPA's one-year statute of limitations, and petitioner must state the date of the Board's decision as well as the dates of any state court decisions.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a blank petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that petitioner shall file his amended petition for writ of habeas corpus no later than thirty (30) days from the date of this Order. Failure to comply with this Order will result in the summary dismissal of this case.

Dated this 28th day of January, 2014.

_/s/ John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE