UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LEWIS HARVEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13CV2568 JAR |
| ) | |
| IAN WALLACE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not exhausted his available state remedies, and the Court will summarily dismiss the petition. See 28 U.S.C. § 2254, Rule 4.

In 1979, petitioner was convicted by a jury of first-degree murder, and the state court sentenced him to life in prison with the availability of parole. Petitioner was recently denied parole by the Missouri Board of Probation and Parole (the "Board"). Petitioner claims that the Board invoked a 1994 statute when it decided to deny parole, in violation of the Ex Post Facto Clause of the United States Constitution.

Petitioner states in the petition that he did not present this claim to any state court. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. Wayne v. Missouri Board of Probation and Parole, 83 F.3d 994, 996-97 (8th Cir. 1996).

The Court gave petitioner an opportunity to explain whether he used any of these available state remedies before bringing this federal petition, and petitioner failed to respond. As a result, the Court will dismiss this action without further proceedings.

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is unexhausted. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Order of Dismissal will be filed forthwith.

Dated this 7th day of March, 2014.

                                                JOHN A. ROSS
                                                UNITED STATES DISTRICT JUDGE